DONALD L. GARBRE STATE OF MAINE
LAW LIBRARY CUMBERLAND, SS
CLERK'S OFFICE
OCT 11 2000
OCT 4 2 27 PM '00

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-719
NM –Cum – 10/4/2000

ALLSTATE INSURANCE COMPANY,

Plaintiff

vs.

PETER R. ROY and ROY, BEARDSLEY,
WILLIAMS & GRANGER, LLC.,

Defendants

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

The defendants seek a summary judgment on all counts of the plaintiff's complaint (count I: negligence against Peter Roy; count II: negligence against Roy, Beardsley, Williams & Granger; count III: conversion against Peter Roy; and count IV: attorney's fees against Peter Roy). For the following reasons, the motion is granted in part and denied in part.

The defendants' statement of material facts not in dispute contains no record references. This statement generally is supported by the affidavit of Peter Roy. The majority of the plaintiff's statement of facts are not supported by record references. Some are legal conclusions. See, e.g., Plaintiff's Response, ¶ 4; M.R. Civ. P. 7(d)(1) & (2).[1]

Further, the plaintiff's statement of facts does not specifically respond to the defendants' statement of material facts, paragraph by paragraph. Accordingly, facts

---

[1] Because neither statement of facts contains record references, the court considers both statements of fact.

contained in the defendants' statement of material facts which are not specifically responded to by the plaintiff will be deemed admitted. The court considers the plaintiff's statement of facts for any additional matters. See Prescott v. State Tax Assessor, 1998 ME 250, ¶ 6, 721 A.2d 169, 172.

The plaintiff has not raised an issue of fact with regard to the defendants' receipt prior to disbursement of the settlement proceeds on or about April 22, 1997 of letters regarding the plaintiff's lien claim against those proceeds. See Defendants' Statement of Material Facts, ¶¶ 10, 11, 14, 16, 17, 18.

The plaintiff has raised an issue of fact with regard to the claim of conversion. The plaintiff has raised an issue of fact regarding the signer's intent that the instrument was payable jointly to the three named payees. See Exhibit A attached to Plaintiff's Complaint; Plaintiff's Response to Defendants' Statement of Material Facts, ¶ 8; Plaintiff's Exhibit 2; Defendants' Statement of Facts, ¶ 8; 11 M.R.S.A. § 3-1110(1) (1995); see also 11 M.R.S.A. § 3-1110(4); Bank of America Nat'l Trust and Savings Ass'n v. Allstate Ins. Co., 29 F.Supp. 2d 1129, 1139-40 (C.D. Cal. 1998).

The plaintiff has not raised an issue of fact concerning extraordinary circumstances requiring an award of attorney fees. See Linscott v. Foy, 1998 ME 206, ¶ 17, 716 A.2d 1017, 1021 (attorneys fees not awarded as sanction in absence of "significant bad faith" on part of attorney).

The entry is

> The Defendants' Motion for Summary Judgment on Counts I, II and IV of the Plaintiff's Complaint is GRANTED. The Defendants' Motion for Summary

Judgment on Count III of the Plaintiff's Complaint is DENIED.

Dated: October 4, 2000

Nancy Mills
Justice, Superior Court

CUM-CV-99-719

Date Filed 12-15-99     CUMBERLAND     Docket No. CV 99-719
County

Action Removal from District Court - Legal Malpractice

ALLSTATE INSURANCE COMPANY

PETER R. ROY
ROY, BEARDSLEY, WILLIAMS, & GRANGER, LL
fka ROY, BEARDSLEY, WILLIAMS & KESARIS

vs.

Plaintiff's Attorney
JOHN D. GRIFFIN ESQ 782-4741
PO BOX 1381, LEWISTON ME 04240

DONALD L. GARBRECHT
LAW LIBRARY

OCT 11 2000

Defendant's Attorney
~~PRO SE    667-7121~~
~~PO BOX 723, ELLSWORTH ME 04605~~
Michael K. Martin, Esq.
PO Box 9733, Portland ME   04104

Date of

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-719

NA~ Cum 10/01/2000

ALLSTATE INSURANCE
COMPANY,

NOV 1 8 56 AM '00

Plaintiff

vs.

JUDGMENT

PETER R. ROY and
ROY, BEARDSLEY, WILLIAMS
& GRANGER, LLC.,

DONALD L. GARRECHT
LAW LIBRARY

NOV 14 2000

Defendants

Jury waived trial on count III of the plaintiff's complaint, in which the plaintiff alleges conversion by defendant Peter Roy, was held on 10/31/00  Based on this record, the plaintiff has failed to prove (1) that it had a property interest in the portion of the $15,000 Maryland Casualty check retained by the defendant law firm; (2) the amount of the alleged property interest; and (3) that defendant Peter Roy converted the alleged property interest.  See Withers v. Hackett, 1998 ME 164, ¶ 7, 714 A.2d 798, 800.

The entry is

> Judgment is entered in favor of the Defendant Peter Roy
> and against the Plaintiff Allstate Insurance Company on
> Count III of the Plaintiff's Complaint.

Date: October 31, 2000

Nancy Mills
Justice, Superior Court

Date Filed __12-15-99__  __CUMBERLAND__  Docket No. __CV 99-719__

County

Action __Removal from District Court - Legal Malpractice__



ALLSTATE INSURANCE COMPANY

PETER R. ROY
ROY, BEARDSLEY, WILLIAMS, & GRANGER, L
fka ROY, BEARDSLEY, WILLIAMS & KESARIS

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN D. GRIFFIN ESQ 782-4741 | ~~PRO SE ---- 667-7121~~ |
| PO BOX 1381, LEWISTON ME 04240 | ~~PO BOX 723, ELLSWORTH ME 04605~~ |
| | Michael K. Martin, Esq. |
| | PO Box 9733, Portland ME 04104 |

Date of
Entry