1998 ME 164

**Jack WITHERS et al.**

**v.**

**Robert HACKETT.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 24, 1998.
Decided June 30, 1998.

John F. Shepard, Jr., Shepard & Shepard, P.A., Freeport, for Plaintiffs.

Richard W. Elliott, Elliott & Elliott, Boothbay Harbor, for Defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Robert Hackett appeals from the judgment entered in the Superior Court (Cumberland County, *Saufley J.*) after a jury verdict in favor of Jack and Lorna Withers. On appeal Hackett contends that the evidence is insufficient to support both the jury's verdict and its assessment of damages. He also asserts that the court erred in granting the Witherses' request for attorney fees. Because we conclude that the evidence is insufficient to support the jury's finding that Hackett defamed the Witherses, we vacate the judgment.

I.

[¶ 2] In August 1994 the Witherses entered into an agreement with Hackett to purchase property and a trailer home that Hackett owned in Topsham. The agreement provided that their monthly payments of $450 would be applied towards the purchase price. After moving into the home, the Witherses began having problems with the gas heater and noticed several other problems with the premises. Although they notified Hackett about these problems, he did little to rectify them. In July 1995 they entered into a purchase and sale agreement with a company to buy a new trailer home and informed Hackett of their decision to vacate the premises. They did not vacate the premises until September 1995. At trial Jack Withers was uncertain whether they made payments in August or September 1995.

[¶ 3] On September 18, 1995, Jack returned home to find Hackett and Hackett's associate removing personal property of the Witherses from the trailer. Hackett was visibly upset, and he informed Jack that he was evicting the Witherses. Jack called the police, and Hackett left the premises after being told by the officer not to return. According to Jack, approximately 40% of his family's belongings were strewn across the lawn. Some of the family's clothing was ruined, and a coin collection consisting of some silver dollars, silver certificates, a gold piece, and foreign coins was never recovered. After the incident Hackett continued to harass the Witherses. He violated the officer's order and returned to the premises. He also approached the Witherses' new landlord and informed him that the Witherses had "trashed" the trailer home and had failed to make rental payments.

[¶ 4] In May 1996 the Witherses filed a complaint in the Superior Court that recited counts for trespass, conversion, breach of the implied warranty of habitability, illegal eviction, emotional distress, defamation, and punitive damages. In his answer, Hackett asserted a counterclaim, alleging that the Witherses had breached the rental agreement resulting in $875 of damages. In June 1997 at the trial management conference, Hackett conceded liability for trespass and illegal eviction. Before the trial began, the Witherses agreed not to pursue their separate claim for the intentional infliction of emotional distress. They, however, reserved the right to seek damages for the emotional distress that they suffered as a result of Hackett's wrongful conduct.

[¶ 5] The jury found that Hackett had converted the Witherses' property, had defamed them, and had acted with malice. The jury awarded the Witherses $2,000 for the damages that resulted from Hackett's conversion of their property, $3,000 for the damage to their dignity that Hackett's defamatory statements caused, $10,000 for the emotional distress that they suffered as a result of Hackett's wrongful conduct, and $15,000 in punitive damages. The jury further found that the Witherses had breached the rental agreement and awarded Hackett

$750. Hackett subsequently filed a motion for a judgment notwithstanding the verdict, a new trial, and a remittitur. The court denied Hackett's motion and directed that a judgment be entered for the Witherses in the amount of $30,000, plus $19,786.69 in attorney fees and costs, plus interest, and that a judgment be entered on Hackett's counterclaim in his favor for $750, plus interest. This appeal followed.

## II.

[¶ 6] Hackett contends that the evidence is insufficient to support the jury's verdict in favor of the Witherses on the conversion and the defamation counts. We disagree that the evidence is insufficient to support the jury's finding that Hackett converted the Witherses' property, but agree that the jury's finding that he defamed the Witherses cannot stand.

[¶ 7] In determining the sufficiency of the evidence, we must consider whether, by any reasonable view of the evidence, including inferences to be drawn therefrom, taken in the light most favorable to the prevailing party, the verdict can be sustained. *Danforth v. Ruotolo*, 650 A.2d 1334, 1336 (Me.1994). "The gist of conversion is the invasion of a party's possession or right to possession at the time of the alleged conversion." *General Motors Acceptance Corp. v. Anacone*, 160 Me. 53, 82, 197 A.2d 506, 524 (1964). The necessary elements to make out a claim for conversion are: (1) a showing that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder. *Leighton v. Fleet Bank of Me.*, 634 A.2d 453, 457 (Me.1993). The person with the right to possession need only make a demand if the holder took the property rightfully, and "[w]here the circumstances show that a demand would be useless, a demand is not necessary." *General Motors Acceptance Corp. v. Anacone*, 160 Me. at 83, 197 A.2d at 524.

[¶ 8] Hackett does not dispute that the Witherses had a property interest in the

property that he removed from the trailer or that they had the right to possess the property at the time of the incident. Rather he challenges their assertions that he was responsible for the loss of the coins and that some of their clothing was ruined by his actions. The jury, however, was in a better position to judge the credibility of the witnesses, *see Manchester v. Dugan*, 247 A.2d 827, 829 (Me.1968), and could have reasonably believed that some of the Witherses' property was lost or ruined.

[¶ 9] Hackett also contends that the evidence is insufficient to support the jury's verdict in favor of the Witherses on their defamation count. We agree.

Common law defamation consists of:

(a) a false and defamatory statement concerning another;

(b) an unprivileged publication to a third party;

(c) fault amounting at least to negligence on the part of the publisher; and

(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Haworth v. Feigon*, 623 A.2d 150, 156 (Me. 1993) (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)). The drafters of the RESTATEMENT (SECOND) OF TORTS define "special harm" as "the loss of something having economic or pecuniary value." RESTATEMENT (SECOND) OF TORTS § 575 cmt. b (1977). The loss of reputation or social standing alone are insufficient to subject the publisher to liability. *Id.* However, if the plaintiff can show that the loss of reputation or social standing resulted in a loss of material advantages, then the loss can be considered a special harm. *Id.* Once the plaintiff has shown special harm, he can recover not only for the special harm, but for the general loss of his reputation and any emotional distress or other bodily harm of which the slander is the legal cause. *Id.* § 575 cmt. a; *see also id.* §§ 621, 623. Emotional distress is not special harm. *Id.* § 575 cmt. c.

[¶ 10] Although we give a properly instructed jury enormous deference, there is no evidence that the Witherses suffered any harm as a result of Hackett's statements to their current landlord. The landlord still rented the premises to them. There is also no evidence that the landlord required them to pay a security deposit of a greater amount than they would have been required to pay if Hackett had not made the statements. Moreover, they do not contend that the statement was of such a nature that it was actionable irrespective of special harm.

[¶ 11] Unfortunately, the parties failed, in the verdict form, to request that the jury distinguish the emotional distress and punitive damages that resulted from Hackett's allegedly defamatory comments from the emotional distress and punitive damages that resulted from Hackett's other tortious conduct.[1] Because we cannot conclude that the jury's punitive damage award and its award of damages for the emotional distress suffered by the Witherses were not based, at least in part, on its finding that Hackett was liable to the Witherses for defamation, these awards cannot stand.

[¶ 12] Finally, Hackett contends that the court erred in its award of attorney fees. 14 M.R.S.A. § 6014 (Supp.1997) provides that a tenant who has been illegally evicted by his landlord can recover the reasonable attorney fees that he incurs in the prosecution of his claim. Hackett asserts that the court erred by allowing the Witherses to recover fees that were incurred after he conceded liability at the trial management conference. We disagree. Although Hackett conceded liability on the illegal eviction count before trial, the issue of damages still needed to be determined. Moreover, he does not contest the court's conclusion that the claims in this case were "inextricably interwoven" and based upon the same conduct.[2] We also find Hackett's assertions that the court erred by allowing the Witherses to

---

1. Hackett failed to furnish this Court with a complete transcript on appeal. The transcript does not include the court's charge to the jury. We assume therefore that the jury award of damages was based on appropriate instructions.

2. We do not interpret the court's conclusion to have shifted to Hackett the burden of separating counsels' efforts.

recover fees for multiple counsels and to recover fees in spite of a contingent fee agreement unconvincing. In its determination of reasonable attorney fees, the court refused to award both of the Witherses' attorneys for their duplicated work product and considered the contingent fee agreement. The court's award was, therefore, within the bounds of its discretion. *VanVoorhees v. Dodge,* 679 A.2d 1077, 1082 (Me.1996).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

