1999 ME 117

**Jack WITHERS et al.**

v.

**Robert HACKETT**

Supreme Judicial Court of Maine.

Submitted on Briefs June 29, 1999.
Decided July 22, 1999.

John F. Shepard Jr., Shepard & Shepard, Freeport, J. Whitman Smith, Cumberland Center, for plaintiffs.

Richard W. Elliott, Richard W. Elliott II, Elliott & Elliott, Boothbay Harbor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, and ALEXANDER, JJ.

ALEXANDER, J.

[¶ 1] Robert Hackett appeals from a judgment entered in the Superior Court (Cumberland County, *Cole, J.*), awarding reduced damages to Jack and Lorna Withers on our remand. Hackett contends that the remand required a new trial on damages. We agree and vacate the judgment.

[¶ 2] The case history is stated in *Withers v. Hackett*, 1998 ME 164, 714 A.2d 798 (*Withers I* ). After a jury trial, the Superior Court (*Saufley, J.*) entered judgment for the Witherses on claims of trespass, illegal eviction, conversion, and defamation. The damages awarded by the jury were $2000 for property damage from conversion, $3000 for defamation, $10,000 for emotional distress, and $15,000 for punitive damages. The court also awarded the Witherses $19,786.69 in attorney fees and costs. Hackett was awarded $750 on his counterclaim for unpaid rent.

[¶ 3] We vacated the judgment, holding that the evidence was insufficient to support the jury's verdict on the defamation

count because the Witherses had not proven special harm. In the opinion, we stated:

> Unfortunately, the parties failed, in the verdict form, to request that the jury distinguish the emotional distress and punitive damages that resulted from Hackett's allegedly defamatory comments from the emotional distress and punitive damages that resulted from Hackett's other tortious conduct. Because we cannot conclude that the jury's punitive damage award and its award of damages for the emotional distress suffered by the Witherses were not based, at least in part, on its finding that Hackett was liable to the Witherses for defamation, these awards cannot stand.

*Id.* ¶ 11, 714 A.2d at 801. We then remanded for further proceedings consistent with the opinion. *Id.* ¶ 12, 714 A.2d at 802.

[¶ 4] On remand, Hackett filed a motion for partial final judgment on his counterclaim. The Witherses filed a motion for judgment, asking the court to award $27,000 in damages, i.e. the damages awarded by the jury minus the $3000 for defamation, but including the full $10,000 for emotional distress and $15,000 for punitive damages. They also sought additional attorney fees. Hackett objected to the motion on the grounds that the remand required a new trial. The court (*Cole, J.*), after hearing argument, concluded that the full $10,000 should be awarded for emotional distress, but that the punitive damages should be reduced to $10,000. The Witherses accepted this reduced award as a remittitur pursuant to M.R. Civ. P. 59(a). The court entered judgment for the Witherses for $22,000 plus $31,043.35 in attorney fees and costs, and for Hackett for $750. Hackett filed a timely appeal.[1]

[¶ 5] In *Withers I*, we held that the awards for emotional distress and punitive damages "cannot stand" because they may have been based in part on the finding of defamation. The Witherses argue that the court was required to offer them a remittitur before ordering a new trial, citing M.R. Civ. P. 59(a).[2] That argument begs the question. A remittitur is proper "to remove the unlawful excess in the jury's award, that is, the amount which, in light of all the evidence, is in excess of the bounds of rationality and is, therefore, erroneous *as a matter of law.*" *Nyzio v. Vaillancourt,* 382 A.2d 856, 861 (Me.1978) (emphasis in original). The problem with the emotional distress and punitive damages awards is not that they were excessive. The problem, rather, is that the defamation claim was before the jury when it made those awards, and neither this Court nor the trial court could speculate on what portion of the damages might have been awarded absent the defamation claim.

[¶ 6] This case must be distinguished from *Eckenrode v. Heritage Mgt. Corp.,* 480 A.2d 759, 766 (Me.1984), where we held that an issue of lost profits should not have been submitted to a jury, but ordered a remittitur rather than a new trial where the amount of the remaining damages could be objectively calculated from facts in the record. The subjective nature of emotional distress and punitive damages precludes such a choice here.

[¶ 7] The jury could have concluded that Hackett's defamation was more or less blameworthy, and more or less deserving of punishment, than his other tortious conduct. *See Haworth v. Feigon,* 623 A.2d 150, 159 (Me.1993) (punitive damages should reflect fact finder's degree of out-

---

1. Hackett raises an additional issue concerning the trial court's original award of attorney fees. Contrary to his contention, we specifically held that that award was not an abuse of discretion, *see Withers I,* 1998 ME 164, ¶ 12, 714 A.2d at 802, and he may not revisit the issue on remand.

2. Rule 59(a) states, in pertinent part: "A new trial shall not be granted solely on the ground that the damages are excessive until the prevailing party has first been given an opportunity to remit such portion thereof as the court judges to be excessive."

rage at defendant's tortious conduct). The $15,000 in punitives could well have represented, for example, $13,000 for defamation and $2000 for the other tortious conduct or $2000 for defamation and $13,000 for the other tortious conduct.

[¶ 8] Where damages cannot be specifically calculated from the record and are based on the subjective judgment of the fact finder, the issue is properly one for a jury. *See Taylor v. Lapomarda,* 1997 ME 216, ¶ 13, 702 A.2d 685, 689 (assessment of damages is sole province of a jury). The court's order on remand reducing the award to $22,000 violated Hackett's right to have the damages determined by a jury.

[¶ 9] On remand, Hackett has a right to a jury trial, with the issues for trial limited to emotional distress and punitive damages for the tortious conduct for which liability was determined at the original trial.

The entry is:

Judgment vacated. Remanded for a new trial on the remaining damages issues.

