STATE OF MAINE
PENOBSCOT, SS.

DISTRICT COURT
DISTRICT THREE
DIVISION OF SO. PENOBSCOT
DOCKET NO.: CV-02-277

FILED & ENTERED
SUPERIOR COURT
JUN 15 2004
PENOBSCOT COUNTY

ANDERS PEDERSEN

Plaintiff

V.

DAVE RASCO

Defendant

**O R D E R**

The trial on the complaint was held on June 7, 2004. Both parties were present with counsel. In this action, the plaintiff seeks recovery for the value of personal property allegedly taken by the defendant from the plaintiff's mobile home. Additionally, the plaintiff seeks recovery for damage the defendant allegedly caused to that mobile home.

In the spring of 1997, the plaintiff's mobile home was located on a parcel of land located in Addison. The land, which was owned by the plaintiff's mother, was the site of a junkyard that had been the subject of land use violation enforcement actions pursued by the local municipality. Under separate arrangements, the plaintiff and the town both hired the defendant to remove various categories of items whose presence on the property constituted the basis for the Town's enforcement actions. Among other things, the town retained the defendant to remove the mobile home from the property. Despite work that the plaintiff and his former domestic partner had done to repair and improve the trailer, it had deteriorated to a very poor condition by the time the defendant turned his attention to it. For example, the plaintiff previously had hired a carpenter to build a wooden-framed roof that would be superimposed over the existing roof. The carpenter started but did not complete the roofing project, and the roof's incomplete state rendered the existing roof less than weatherproof. Consequently, water came in through the trailer roof, damaging

1

the sheetrock ceilings in some areas of the trailer and causing that sheetrock to fall to the floor. Additionally, in some places, the floor joists had separated from the walls.

Based on his arrangements with the town, the defendant began the process of removing some components of the trailer for the purpose of selling them as salvage. The defendant removed the furnace, the metal chimney for that furnace, and some of the electrical wall outlets. The plaintiff arrived at the scene not long after the defendant began this work. The plaintiff was not aware that the defendant was going to remove salvageable property from the trailer and then demolish the residue, because the plaintiff was unaware that the town had hired the defendant to do this work. The plaintiff was upset about the situation, and he ordered the defendant to stop the demolition work and leave the premises. The defendant complied.

The plaintiff testified that when the defendant removed the items of property noted above, the defendant caused considerable damage to the interior of the trailer. The court rejects this testimony. As the defendant explained, it was in his (the defendant's) financial interest not to damage the items that he intended to sell for salvage. If he were to have removed property in a rough manner, he would have been working at odds with his ultimate purpose. Thus, the court rejects the plaintiff's testimony that the defendant ripped the electrical outlets from the walls, because if the defendant had done so, he would have damaged the outlets and the wiring.

At the outset of trial, the plaintiff framed his case as one for conversion of property from the trailer. Conversion consists of the wrongful taking of another's property. *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800. Here, the evidence establishes that the defendant did not end up taking any property from the trailer. Rather, after the plaintiff intervened, the defendant returned to the trailer all of the property that he had started to take for salvage (i.e., the furnace, the chimney, and the outlets). Thus, the plaintiff's conversion claim fails.

At the close of the trial, the plaintiff also stated that he was seeking recovery for the property damage to the trailer caused by the defendant's removal of the property noted above. The plaintiff's complaint itself alleges a claim for such property damage, and so, even though in his opening statement the plaintiff defined his claim as one for conversion, this additional cause of action is within the scope of the case. However, the

2

plaintiff has failed to prove that the defendant caused any material property damage to the trailer. As is noted above, the court finds that the defendant removed several items of property from the trailer but that he did so with care in order to preserve the value of that personalty. Any loss to the plaintiff would be limited to the need to re-install the items taken by the defendant (for example, replacing and rewiring the outlets). The trial record contains no evidence on which the court could formulate an award of such damages. Particularly against the background of persuasive evidence that the mobile home was in very poor condition in the first instance, the plaintiff has thus failed to prove this aspect of this case.

Because the plaintiff has not proven either tort claim, the court need not and does not address the question of whether the plaintiff's claim against the defendant is barred by a release he executed in favor of the town.

The entry will be:

For the foregoing reasons, judgment is entered for the defendant. The defendant is awarded his costs of court.

Dated: June 15, 2004

Justice, Maine Superior Court
sitting in Maine District Court
Jeffrey L. Hjelm

ANDERS PEDERSEN  - PLAINTIFF
24 PROSPECT AVENUE APT #1
BREWER ME 04412
Attorney for: ANDERS PEDERSEN
JOSEPH FERRIS
LAW OFFICE OF JOSEPH L FERRIS PA
120 N MAIN ST
BREWER ME 04412

vs
DAVE RASCO  - DEFENDANT
ROUTE 92
MACHIASPORT ME 04655
Attorney for: DAVE RASCO
SCHUYLER STEELE
PO BOX F
NEWPORT ME 04953


Filing Document: COMPLAINT                 Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 06/03/2002

## Docket Events:

06/03/2002 FILING DOCUMENT - COMPLAINT FILED ON 06/03/2002

06/03/2002 Party(s):  ANDERS PEDERSEN
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/03/2002
           Plaintiff's Attorney:  JOSEPH FERRIS

06/03/2002 Party(s):  ANDERS PEDERSEN
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/06/2002
           ON DEFENDANT THROUGH BILL STERNBERG (EMPLOYER)

06/03/2002 Party(s):  DAVE RASCO
           RESPONSIVE PLEADING - ANSWER FILED ON 05/24/2002
           Defendant's Attorney: SCHUYLER STEELE

06/07/2002 Party(s):  ANDERS PEDERSEN
           ATTORNEY - RETAINED ENTERED ON 06/03/2002
           Plaintiff's Attorney: JOSEPH FERRIS

11/19/2002 Party(s):  ANDERS PEDERSEN
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/19/2002
           Plaintiff's Attorney:  JOSEPH FERRIS
           REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON THE DEFENDANT BY PLAINTIFF SERVED ON
           ATTY SCHUYLER STEELE ON 11/14/02.

10/28/2003 HEARING - PRETRIAL/STATUS REQUESTED ON 10/21/2003
           Plaintiff's Attorney:  JOSEPH FERRIS

10/28/2003 HEARING - PRETRIAL/STATUS SCHEDULED FOR 11/21/2003 @ 8:00
           NOTICE TO ATTY FERRIS AND ATTY STEELE.

10/28/2003 HEARING - PRETRIAL/STATUS NOTICE SENT ON 10/28/2003
           NOTICE SENT TO ATTY FERRIS AND ATTY STEELE.