STATE OF MAINE
Cumberland, SS

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 MAY 11 A 8: 06

SUPERIOR COURT
Civil Action
Docket No. CV-03-648

TED-        

RICHARD SCOTT REHART,
Plaintiff

v.

RMH PROPERTIES, INC.,
Defendant

**DECISION AND JUDGMENT**

AUG  8  2005

## I. BACKGROUND

Plaintiff Richard Scott Rehart brought this claim against defendant RMH Properties, Inc. seeking damages for missing personal property stored in a trailer for a fee on defendant's property in Biddeford. He claims that the property, which consists primarily of tools related to his woodworking business and some personal items, is valued at more than $18,000.

Plaintiff claims that the defendant is a warehouseman,[1] that he stored his goods for a fee and is liable for their value because he did not comply with warehouse statutes, 11 M.R.S.A. §§ 7-201 et seq., dealing with safeguarding or disposing of property; that RHM was negligent and reckless and violated the duty to safeguard plaintiff's property, 11 M.R.S.A. § 7-204(1); and, that RHM is liable in common law and statutory conversion. 11 M.R.S.A. § 7-2210(9).

In its answer, RMH denied the essential allegations but did admit that it is a New Hampshire corporation and is the property manager for the premises at 24 Pearl Street in Biddeford where plaintiff stored his property. In addition, defendant asserts the affirmative defense "that the individual who was solely responsible for removing the

---

[1] 11 M.R.S.A. § 7-102(h). "Warehouseman" is a person engaged in the business of storing goods for hire.



subject trailer from the property and disposing of certain possessions therein was acting outside the scope of his employment with RMH."

A trial was held before the court without a jury. The plaintiff appeared *pro se* as he has throughout the case. The defendant was represented by counsel and no person was introduced as a representative of the defendant corporation. The plaintiff testified on his own behalf. At the close of the plaintiff's case the court, construing all facts in the light most favorable to plaintiff, denied defendant's motion for judgment as a matter of law. The defense rested without presenting witnesses or further evidence. The court took the matter under advisement to consider the evidence in light of the legal arguments offered by the defendant.

## II. FINDINGS OF FACT

After trial, the court makes the following findings of fact:

The plaintiff moved to Maine in 1998 and rented space from one Gamache at an old mill in Biddeford. From that space he operated a work-working construction firm until August 1999 when he closed the business. At the time that he closed his shop he arranged with the owner (Gamache) to store a 24 foot enclosed trailer on the premises. The trailer contained tools, equipment and miscellaneous personal property. He agreed to pay a fee of $20.00 per month for the storage which was paid by his wife every month.

The barn doors to the trailer were secured with a lock and the trailer hitch was also locked. Rehart gave a key to the hitch lock to Gamache's representative on the premises to be used if it was necessary to move the trailer.

Sometime in 2001 plaintiff received a notice from RMH that it had taken over the property and that the $20.00 monthly storage fee should be paid to RMH. The monthly

2

payments were regularly made even though there was no written contract or other documentation relating to storing the trailer.

The trailer and its contents were stored outdoors on defendant's premises in a non-secure area. Plaintiff would periodically check on the trailer to make sure it was still there. In June or July 2002 he actually went to the trailer and inspected the contents, which appeared to all be there, but he did not take an inventory, nor did he make a list of the items in the trailer when he first placed it in storage.

A couple of months later, at the end of September 2002, he went back to check on the trailer and discovered it was gone. He did not immediately report it to the police because he wanted to check with RMH to see if they knew anything about the location of the trailer. When RMH disclaimed any knowledge of the trailer, Rehart reported the missing trailer to the Biddeford Police Department. The plaintiff spoke with Peter Nestel, RMH's on-site manager, who told him he would look into the situation. Hearing nothing, the plaintiff wrote to Jonathan Morse, the owner, on January 6, 2003 to explain the situation and demand compensation of more than $18,000.[2]

In turn, Nestel reported to Morse[3] that his investigation revealed that Scott Goldtwaith, a former property manager for RMH at the Biddeford location, had taken the trailer and all its contents and that plaintiff had been informed of that fact and Nestel suggested that Rehart contact the police. Nestel also told plaintiff that Goldtwaith had been fired about two weeks before the trailer was reported missing.

Nestel also reported that several other employees purchased items from Goldtwaith that had been taken from the trailer. RMH was able to retrieve three items

---

[2] *See* plaintiffs exhibit #3, letter from R. Scott Rehart to RMH Properties and Jonathan Morse, dated January 6, 2003.

[3] *See* plaintiff's exhibit #1, e-mail from Peter Nestel to Jonathan Morse, dated January 9, 2003.

from the employee who did not know they were stolen. They are being held and are available for return to Rehart.

The custom made trailer was recovered by the Biddeford police and returned to plaintiff. No criminal charges have been brought against any person who may have had a role in the taking of the trailer and contents.

## III. DISCUSSION

### A. Violation of Statute (Count I)

The plaintiff claims that RMH violated applicable statutes, 11 M.R.S.A. §§ 201 *et seq.*, because

> "it did not properly notify plaintiff of its intent to sell or otherwise dispose of his property, did not properly notify the public of its intent to sell or otherwise dispose of plaintiff's property and sold or disposed of plaintiff's property on commercially unreasonable terms."

Plaintiff's complaint, ¶ 15, Count I.

Several facts are clear form the evidence: Defendant took over the responsibilities of Gamache as a "warehouseman;" accepted a monthly fee for the storage of the trailer; the trailer was at defendant's Biddeford premises in mid-summer 2002; the trailer was gone by the end of September; and, Scott Goldtwaith was a former employee of the defendant and was the manager of the Biddeford location until he was fired about two weeks before the trailer was discovered missing.

As a warehouseman, RMH is charged with a statutory duty "to exercise such care in regard to [plaintiff's property] as a reasonably careful man would exercise under like circumstances . . .." 11 M.R.S.A. § 7-204(1).

There is no specific evidence of how or when the trailer was taken. Because Goldtwaith was fired approximately two weeks before the theft was discovered, it is

4

just as likely that it occurred after he was fired as an act or defiance or retaliation. Although RMH is liable for the acts of its employees, it is not responsible for the criminal acts of others. The plaintiff's proof fails.

## B. CONVERSION (Count II)

The plaintiff claims that RMH willfully and intentionally converted his property causing him damage and loss. He bases his claims on both common law and statutory conversion.

Conversion occurs when one party is in possession, or has been in possession of property, and fails to return it on demand, thus defeating the other person's right to possession. *See General Motors Acceptance Corp. v. Anacone*, 160 Me. 53, 82, 197 A.2d 506, 524 (1964)( "The gist of conversion is the invasion of a party's possession or right to possession at the time of the alleged conversion.")

In order to establish his claim of common law conversion, the plaintiff must prove: (1) A proprietary interest in the claimed property; (2) that he had a right to possession of the property at the time of the alleged conversion; and, (3) that he has made a demand for the return of the property. *Withers, et al. v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800.

A claim for statutory conversion is made where a party proves that a warehouseman failed to willfully comply with the requirements for the sale of property in his charge. 11 M.R.S.A. § 7-210(9).

There is no evidence that Scott Goldtwaith was acting within the scope of his employment or as an agent for RMH; hence, RMH is not responsible for his acts even if the plaintiff had established the other elements of conversion.

5

## C. Negligence and Recklessness (Count III)

The plaintiff realleges the defendant's statutory duty to us reasonable care to safeguard plaintiff's property and further alleges that

Defendant is liable to plaintiff for damages plaintiff has suffered due to defendant's recklessness, carelessness, negligence and improper conduct.

Plaintiff's complaint, ¶ 25.

General allegations of "carelessness" and "improper conduct" do not make out a cause of action.

The court has previously determined that because the plaintiff has not proven the date of the theft of his property as being within the time of Goldtwaith's employment with RMH, the court is unable to find that RMH is negligent. The same rationale applies to allegations of recklessness on the part of RMH.

## D. Property in the Possession of Defendant

Plaintiff is entitled to the immediate return of the three items now held by defendant.

## IV. DECISION AND JUDGMENT

The clerk will make the following entries as the Decision and judgment of the court:

A. Judgment for defendant on Counts I, II and III except as noted below;

B. Plaintiff is entitled to immediate possession of the Homelite XL chainsaw (item #15), the 2500 watt Coleman generator (item #19) and the Campbell Hausfield paint sprayer and all parts (item #20); [4]

---

[4] Item numbers are as they appear on the plaintiff's inventory list, plaintiff's exhibit #4.

C. Defendant shall cause these items to be returned to plaintiff within 10 days of the date of this Judgment, failure to do so will cause the court to impose a *per diem* / per item monetary sanction.

D. No costs awarded to either party.

SO ORDERED.

May 10, 2005

Thomas E. Delahanty II
Justice, Superior Court

R. SCOTT REHART  - PLAINTIFF

vs

RMH PROPERTIES, INC. - DEFENDANT


Attorney for: RMH PROPERTIES, INC.
JOHN H BRANSON  - WITHDRAWN 05/06/2005
CHADBOURNE & BRANSON, P.A.
178 MIDDLE STREET, SUITE 400
PORTLAND ME 04101-4075


Attorney for: RMH PROPERTIES, INC.
ERIC MEHNERT  - RETAINED 05/06/2005
HAWKES & MEHNERT
6 STATE STREET
PO BOX 2668
BANGOR ME 04402


SCOTT E. GOLDTHWAITE  - THIRD PARTY DEFENDANT


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 11/21/2003

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2003-00648

**DOCKET RECORD**

## Docket Events:

11/21/2003 FILING DOCUMENT - COMPLAINT FILED ON 11/21/2003

11/25/2003 Party(s):  R. SCOTT REHART
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 11/21/2003

11/25/2003 Party(s):  R. SCOTT REHART
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/09/2003
           UPON RMH PROPERTIES, INC. TO TIMOTHY KEITER.  DB

11/25/2003 Party(s):  R. SCOTT REHART
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/21/2003
           FOR PLAINTIFF TO FILE COMPLAINT. (DEFENDANT OPPOSES MOTION).  DB

11/25/2003 Party(s):  RMH PROPERTIES, INC.
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 10/29/2003
           JOHN H. BRANSON, ESQ. FOR DEFENDANT.  DB

11/25/2003 Party(s):  RMH PROPERTIES, INC.
           ATTORNEY - RETAINED ENTERED ON 10/29/2003
           Defendant's Attorney: JOHN H BRANSON

11/25/2003 Party(s):  RMH PROPERTIES, INC.
           RESPONSIVE PLEADING - ANSWER FILED ON 10/29/2003
           OF DEFENDANT RMH PROPERTIES, INC.  DB

12/01/2003 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 12/01/2003
           THOMAS E HUMPHREY , JUSTICE

12/02/2003 ORDER - SCHEDULING ORDER ENTERED ON 12/02/2003
           THOMAS E HUMPHREY , JUSTICE
           DISCOVERY DEADLINE IS AUGUST 2, 2004. ON 12-02-03 COPIES MAILED TO JOHN BRANSON, ESQ. AND
           R. SCOTT REHART AT 48 PLEASANT STREET, PORTLAND, MAINE

12/08/2003 Party(s): R. SCOTT REHART
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/21/2003
PLAINTIFF'S MOTION TO ENLARGE TIME FOR FILING COMPLAINT. (AD).

12/11/2003 Party(s): RMH PROPERTIES, INC.
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/11/2003
DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE COMPLAINT.
(AD).

01/09/2004 Party(s): R. SCOTT REHART
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/08/2004
THOMAS E HUMPHREY , JUSTICE
PLAINTIFF'S MOTION TO ENLARGE TIME FOR FILING COMPLAINT IS GRANTED AS PRAGED, SUCH THAT
THE TIME IS ENLARGED TO 11/26/03. (AD) ON 01-09-04 COPIES MAIELD TO

01/28/2004 Party(s): R. SCOTT REHART
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/28/2004
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION SERVED UPON JOHN
H. BRANSON 01-26-04. (LLS)

01/28/2004 Party(s): R. SCOTT REHART
OTHER FILING - OTHER DOCUMENT FILED ON 01/28/2004
LETTER FROM PLAINTIFF WITH NEW ADDRESS OF 46 CALEB ST. PORTLAND, ME 04102. (LLS)

02/11/2004 Party(s): R. SCOTT REHART
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 02/11/2004
MEDIATOR IS CHRISTOPHER C. DINAN. SET FOR MARCH 24, 2004 @ 09:00AM. (LLS)

03/02/2004 Party(s): RMH PROPERTIES, INC.
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/02/2004
DEFENDANT RMH PROPERTIES, INC.'S OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS, SERVEDON R. SCOTT REHART ON 02-27-04. DB

04/01/2004 Party(s): R. SCOTT REHART
SUPPLEMENTAL FILING - THIRD-PARTY COMPLAINT FILED ON 04/01/2004
OF DEFENDANT RMH PROPERTIES, INC. DB

04/01/2004 Party(s): RMH PROPERTIES, INC.
NOTE - OTHER CASE NOTE ENTERED ON 04/01/2004
SUMMARY SHEET DEFENDANT RMH PROPERTIES THIRD PARTY COMPLAINT. DB

04/07/2004 Party(s): R. SCOTT REHART
MOTION - MOTION FOR ENLARGEMENT OF TIME MOOT ON 04/07/2004

04/22/2004 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 04/21/2004
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

04/22/2004 ORDER - REPORT OF ADR CONF/ORDER RESOLVED ON 04/23/2004
THOMAS E HUMPHREY , JUSTICE
ON 04-26-04 COPIES MAILED TO R. SCOTT REHART AT 46 CALEB STREET, PORTLAND, ME 04102 AND
JOHN BRANSON, ESQ. AD

07/08/2004 FINDING - JUDGMENT DETERMINATION ENTERED ON 07/08/2004
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO THE COURT'S ORDER OF APRIL 23, 2004, THIS CASE IS DISMISSED WITH PREJUDICE. ON
07-08-04 COPIES MAILED TO

ORDER - COURT JUDGMENT ENTERED ON 07/08/2004
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO THE COURT'S ORDER OF APRIL 23, 2004, THIS CASE IS DISMISSED WITH PREJUDICE. ON
07-08-04 COPIES MAILED TO JOHN BRANSON, ESQ. AND R. SCOTT REHART AT 48 PLEASANT STREET,
PORTLAND, MAINE 04101.AD

07/12/2004 Party(s): R. SCOTT REHART
MOTION - OTHER MOTION FILED ON 07/06/2004
OF PLAINTIFF'S MOTION TO VOID SETTLEMENT AGREEMENT, CERTIFICATE OF SERVICE. AD

08/02/2004 Party(s): R. SCOTT REHART
MOTION - OTHER MOTION DENIED ON 07/30/2004
THOMAS E HUMPHREY , JUSTICE
OF PLAINTIFF'S MOTION TO VOID SETTLEMENT AGREEMENT, CERTIFICATE OF SERVICE.MOTION DENIED;
CASE WAS DISMISSED ON 7-8-04 PURSUANT TO ORDER DATED 4-23-04. ON 08-02-04 COPIES MAILED TO
R. SCOTT REHART AT 48 PLEASANT STREET, PORTLAND, MAINE 04101 AND JOHN BRANSON, ESQ. AD

08/20/2004 LETTER - FROM NON-PARTY FILED ON 08/20/2004
FROM CHRISTOPHER DINAN, ESQ. STATING HE ACTED AS THE MEDIATOR IN THIS MATTER AND RECENTLY
HAS BEEN CONTACTED BY THE PLAINTIFF IN THIS MATTER WHO TELLSME THAT THE DEFENDANT NEVER
PROVIDED HIM WITH A RELEASE AND NEVER PROVIDED HIM WITH THE CONSIDERATION EXPECTED FROM
THE SETTLEMENT. THE PLAINTIFF IS PROCEEDING PRO SE. AD

10/28/2004 Party(s): R. SCOTT REHART
MOTION - OTHER MOTION FILED ON 10/26/2004
OF PLAINTIFF TO RESTORE CASE TO THE DOCKET (GM)

12/07/2004 Party(s): R. SCOTT REHART
MOTION - OTHER MOTION GRANTED ON 12/06/2004
THOMAS E DELAHANTY II, JUSTICE
ON PLAINTIFF'S MOTION, THIS CASE IS RESTORED TO THE DOCKET. ON 12-07-04 COPIES MAILED TO
JOHN BRANSON, ESQ. AND R. SCOTT REHART, 48 CALEB STREET, PORTLAND, MAINE 04102

04/14/2005 ORDER - FINAL PRETRIAL ORDER ENTERED ON 04/07/2005
THOMAS E DELAHANTY II, JUSTICE
RULE 16(B) PRETRIAL ORDER ENTERED. ON 04-07-05 COPIES MAILED TO JOHN BRANSON, ESQ. AND R.
SCOTT REHART AT 48 PLEASANT STREET, PORTLAND, MAINE 04101. AD

04/15/2005 NOTE - OTHER CASE NOTE ENTERED ON 04/13/2005
LETTER TO R. SCOTT AT 48 PLEASANT PORTLAND, MAINE RESENT TO HIM AT 48 CALEB STREET,
PORTLAND, MAINE 04102. AD

04/19/2005 Party(s): RMH PROPERTIES, INC.
MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED ON 04/12/2005
AS COUNSEL FO RTHE DEFENDANT, RMH PROPERTIES, INC. AD

04/19/2005 Party(s): RMH PROPERTIES, INC.

MOTION - MOTION FOR WITHDRAWAL OF CNSL DENIED ON 04/15/2005
THOMAS E DELAHANTY II, JUSTICE
MOTION DENIED WITHOUT PREJUDICE. CASE APPEARS ON TRIAL LIST. NO REASON IS STATED. AS A
CORPORATE ENTITY, DEFENDANT MUST OBTAIN OTHER COUNSEL. THERE IS NO INDICATION THAT RMH HAS
BEEN SERVED A COPY OF THE MOTION AND NO WRTTEN CONSENT. ON 04-19-05 COPIES MAILED TO JOHN
BRANSON, ESQ. AND R. SCOTT REHART AT 48 CALEB STREET, PORTLAND, MAINE 04101.

05/06/2005 Party(s): RMH PROPERTIES, INC.
ATTORNEY - RETAINED ENTERED ON 05/06/2005
Defendant's Attorney: ERIC MEHNERT

05/06/2005 Party(s): RMH PROPERTIES, INC.
MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED ON 05/06/2005
DEFENDANT, RMH PROPERTIES, INC. RENEWED MOTION TO WITHDRAW. AD

05/06/2005 Party(s): RMH PROPERTIES, INC.
MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 05/06/2005
THOMAS E DELAHANTY II, JUSTICE
BE IT ORDERED THAT THE WITHIN RENEWED MOTION TO WITHDRAW IS HEREBY: GRANTED ON CONDITION
THAT NEW COUNSEL IS PREPARED TO GO TO TRIAL WHEN THE CASE IS REACHED. ON 05-06-05 COPIES
MAILED TO JOHN BRANSON, ESQ. AND ERIC MEHNERT, ESQ. AD

05/06/2005 Party(s): R. SCOTT REHART
MOTION - OTHER MOTION FILED ON 05/05/2005
OF PLAINTIFF, R. SCOTT REHART MOTION TO ADD DEFENDANT, JONATHAN MORSE. AD'

05/06/2005 Party(s): RMH PROPERTIES, INC.
ATTORNEY - WITHDRAWN ORDERED ON 05/06/2005
Defendant's Attorney: JOHN H BRANSON

05/06/2005 Party(s): R. SCOTT REHART
MOTION - OTHER MOTION DENIED ON 05/06/2005
THOMAS E DELAHANTY II, JUSTICE
OF PLAINTIFF, R. SCOTT REHART MOTION TO ADD DEFENDANT, JONATHAN MORSE. AD' ON 05-06-05
COPIES MAILED TO R. SCOTT REHART AT 48 PLEASANT STREET, PORTLAND, ME 04101 AND ERIC
MEHNERT, ESQ. AD

05/11/2005 TRIAL - BENCH HELD ON 05/10/2005
E

05/11/2005 TRIAL - BENCH HELD ON 05/10/2005
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: ERIC MEHNERT
Reporter: PEGGY STOCKFORD
NON-JURY TRIAL BEGINS; OPENING STATEMENT WAIVED BY RICHARD REHART, PROSE; OPEINING
STATEMENT MADE BY DEFENDANT'S ATTORNEY, ERIC MEHNERT. PLAINTIFF'S TESTIMONY BEGINS.
DEFENDANT MOVES FOR JUDGMENT AS MATTER OF LAW. MOTION DENIED. COURT TAKES MATTER UNDER
ADVISEMENT. PRESIDING, JUSTICE THOMAS DELAHANTY II, RICHARD REHART, PROSE; ERIC MEHNERT,
ESQ. PRESENT FOR DEFENDANT. PLAINTIFF'S EXHIBITS FOR TRIAL HELD 5-10-05 ARE ENCLOSED IN
FILE ON EXHIBIT SHEETS.

05/11/2005 FINDING - JUDGMENT DETERMINATION ENTERED ON 05/11/2005
THOMAS E DELAHANTY II, JUSTICE

ORDER - COURT JUDGMENT ENTERED ON 05/11/2005
THOMAS E DELAHANTY II, JUSTICE
PLAINTIFF IS ENTITLED TO THE IMMEDIATE RETURN OF THE THREE ITEMS NOW HELD BY DEFENDANT.
DECISION AND JUDGMENT; THE CLERK WILL MAKE THE FOLLOWING ENTIRES AS THE DECISION AND
JUDGMENT OF THE COURT: A. JUDGMENT FOR DEFENDANT ON COUNTS I, II AND III EXCEPT AS NOTED
BELOW; B. PLAINTIFF IS ENTITLED TO IMMEDIATE POSSESSION OF THE HOMELITE XL CHAINSAW (ITEN
#15), THE 2500 WATT COLEMAN GENERATOR (ITEM #19) AND THE CAMPBELL HAUSFIELD PAINT SPRAYER
AND ALL PARTS (ITEM #20); DEFENDANT SHALL CAUSE THESE ITEM  BE RETURNED TO PLAINTIFF
WITHIN 10 DAYS OF THE DATE OF THIS JUDGMENT, FAILURE TO DO SO WILL CAUSE THE COURT TO
IMPOOSE A PER DIEM/PER ITEM MONETARY SANCTION. D. NO COSTS AWARDED TO EITHER PARTY. SO
ORDERED. ON 05-11-05 COPIES MAILED TO TO RICHARD SCOTT REHART AT 46 CALEB STREET,
PORTLAND, MAINE  04102. ERIC MEHNERT, ESQ. MS. DEBORAH FIRSTONE, THE DONALD GARBRECHT LAW
LIBRARY, GOSS MIMEOGRAPH AND LOISLAW.COM, INC. AD

A TRUE COPY
ATTEST: _____
                          Clerk