STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO: CV-05-709

CITY OF PORTLAND,

                    Plaintiff,
                                          ORDER
        v.
                                                    DONALD L. GARBRECHT
LET'S PLAY AROUND                                   LAW LIBRARY

                                                    JUN 9 2008

                    Defendant.

        This Order is made pursuant to a full testimonial hearing held before this

Court on October 1-2, 2007.

                              **BACKGROUND**

        On May 3, 2005, Plaintiff City of Portland (City) and Defendant Let's Play

Around, LLC (LPA) entered into a lease agreement (Lease) for the operation of a

restaurant and concession at the Riverside Golf Course (Premises). Subsequent

disputes arose between the City and LPA. The disputes were discussed at a July

13, 2005 meeting of the parties and LPA was given time to correct any perceived

breach of the Lease.

        On October 21, 2005 the City chose to exercise its rights under Paragraph

14 of the Lease to terminate the Lease by notice to LPA of Lease termination and

a request for a hearing on the matter. A hearing was not mandatory under the

Lease. On November 10, 2005 the City's designated representative, Stephen D.

Bither, Esq. held a full day testimonial hearing. Mr. Bither recommended

termination of the Lease by letter to the City Manager dated November 18, 2005.

        LPA did not comply with the Lease termination and remained on the

Premises. On January 11, 2006 a Judgment and Order for Forcible Entry and

Detainer was entered in District Court (Bradley, J.) finding that the City

                                       1

terminated LPA's tenancy in compliance with the Lease and accordingly had the right to possession of the Premises and fixtures. (Exhibit Tab 10.) LPA did not vacate the Premises.

On February 9, 2006 the court issued a Writ of Possession demanding that LPA vacate the premises within forty-eight hours or be deemed a trespasser. The Writ was served by sheriff on LPA at 11:00 a.m. on February 10, 2006. The Writ further stated that any property that remained after the forty-eight hours had elapsed would be deemed abandoned as a matter of law. (Exhibit Tab 12.)

After the forty-eight hours elapsed, LPA had not removed its tangible property from the Premises. The City engaged William May to do an inventory of the tangible property. (Exhibit Tab 11.) That inventory list was attached to a letter dated February 14, 2006, which letter served as notice to LPA that the property was deemed abandoned and would be sold if not claimed within fourteen days. (Exhibit Tab 13.) The record reflects that the tangible property had a value of approximately $10,000.00.[1]

LPA removed some of the tangible property on March 15 and 16, 2006. A subsequent inventory was conducted enumerating the remaining tangible property.[2] (Exhibit Tab 11.) On March 10, 2006 the City faxed a letter to the Maine State Treasury enumerating the tangible property that remained on the Premises. By reply letter of the same date, the administrator at the Maine State

---

[1] There is some dispute over the actual value of the tangible property.

[2] There is some discrepancy in the record regarding the timing of the removal of tangible property by LPA. The closing arguments indicate that items were removed on March 15 and 16; however, the Exhibits indicate that items were removed between February 13 and March 10, 2006 as reflected in a second inventory conducted on March 10, 2006 by the City. (Exhibit Tab 11.) The discrepancy is not material.

Treasury gave the City permission to sell the tangible property "in a commercially reasonable manner." (Exhibit Tab 17.)

The City placed an ad in the Portland Press Herald in early May 2006 and subsequently sold the tangible property to three different bidders. (Exhibit Tabs 18-23.) A letter of accounting of the property and costs was sent to the State Treasurer on November 27, 2006. (Exhibit Tab 24.)

## DISCUSSION

### I.     Unclaimed Property Under 33 M.R.S.A. § 1954

There is no dispute that the tangible property that remained on the Premises after the Judgment of Forcible Entry and Detainer was entered in January 2006 exceeded $750.00 in value and that the applicable law is M.R.S.A. Title 33, Chapter 41, the Uniform Unclaimed Property Act (Act). Under the Act, tangible property "left on the premises after a tenant has terminated tenancy . . . is presumed abandoned if it has not been claimed within 14 days after written notice has been sent. . . ." 33 M.R.S. § 1954 (2) (2007).

In this case the issue of abandonment is not a presumption because the court deemed the property abandoned, as a matter of law, forty-eight hours after service of the Writ of Possession on February 10, 2006. Accordingly, LPA's arguments regarding the rebuttable presumption of abandonment under Section 1953 of the Act are groundless.

Regardless, the City gave LPA notice of the abandonment by letter dated February 14, 2006 and allowed LPA fourteen days to reclaim title to the property. *See Id.* LPA did reclaim title to some of the tangible property in March 2006, but some of LPA's tangible property remained on the Premises. Thus, even if the tangible property had not been deemed abandoned as a matter of law, which it

3

had, any remaining tangible property would be presumed abandoned under that statute fourteen days after notice to LPA that the property was presumed abandoned (March 1, 2006). *Id.*

Because the tangible property is deemed abandoned, the City , under the Act, must notify the administrator to determine the disposition of the tangible property. 33 M.R.S. § 1954(2)(A). Under the Act, the Administrator "means the Treasurer of State." 33 M.R.S. § 1952(1). The City made such notification by letter dated March 10, 2006 to the Maine State Treasury, and was permitted to dispose of the tangible property in a "commercially reasonable manner."

The March 10, 2006 inventory and notice to the State Treasurer indicate that eight items of tangible property remained on the Premises. There is no evidence in the record from LPA to refute this inventory.

The City proceeded to advertise the tangible property in the Portland Press Herald in early May, 2006 for sale to the highest bidder. The tangible property sold to three different bidders in amounts totaling approximately $1,600.00. The City then reported the sale and forwarded net proceeds to the administrator.

Because there is no specific value in the record for the remaining eight items sold in May 2006, this Court cannot say that the sale was commercially unreasonable or that the City acted in bad faith. The City complied with the Act and with the administrator in the disposition of the tangible property.

## II. Conversion

In order to make a claim of conversion, a plaintiff must make a prima facie showing 1) "that the person claiming that his property was converted has a

4

property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder." *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800 (citations omitted).

LPA has not met any of these elements. In this case the Writ of Possession served on February 10, 2006 by sheriff clearly stated that all rights to the tangible property left on the Premises would be lost as of February 12, 2006. Therefore LPA did not have a right to possess at the time of the alleged conversion (May 2006 when the tangible property was sold to the highest bidder). Moreover, there is no evidence in the record that demand was made for the property in a timely manner. Accordingly, conversion does not lie in this case.

### III.    Damages Pursuant to Lease Termination

The parties signed a five-year lease on May 3, 2005. The Lease was initially terminated sometime in November 2005. LPA was forced to vacate the Premises pursuant to a Writ of Possession by February 12, 2006 at 11:00 a.m. Rent under the Lease was "an annual rental of Fifteen Thousand ($15,000) per year, payable monthly in six (6) equal installments of Two Thousand Five Hundred Dollars ($2,500) each, which payments will authorize it to operate for the first year of the lease." Lease ¶ 4.

The record indicates that, though LPA was initially in arrears, rental payments were made current in October 2005. Thus, LPA had paid the annual rental of $15,000 as of October 2005for tenancy through May 2, 2006. LPA seeks compensatory damages from October 21, 2005, the date they claim the lease was terminated, through the end of the first year of the Lease on May 2, 2006. This Court, however, deems that the Lease was terminated on November 18, 2005 by

5

letter of Stephen D. Bither, Esq. to the City Manager. Accordingly, LPA is entitled to compensatory damages for rent paid from November 18, 2005 through May 2, 2006.

## IV. Interference with Economic Advantage Claim

The Court determined at hearing on October 2, 2007, that LPA had failed to show the requisite elements in order to prevail on this claim.

## V. Equal Protection Claim

The Court also determined at hearing that LPA failed to show any disparate treatment of her by a government entity.

## Therefore, the entry is:

Defendant/Counterclaim Plaintiff failed to claim the elements of Conversion

Plaintiff complied with the Uniform Unclaimed Property Act (33 M.R.S.A. § 1954) in disposition of Defendant's property.

Defendant is entitled to damages pursuant to the termination of the Lease on November 18, 2005 for pre-payments made through May 2, 2006 in the amount of $6,781.50.

Interference with Economic Advantage Claim does not lie.

Equal Protection Claim does not lie.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this __30th__ day of _____, 2008.

_____
Roland A. Cole
Justice, Superior Court

6

K OF COURTS
iberland County
P.O. Box 287
, Maine 04112-0287

*Plaintiff*

PENNY LITTEL ESQ
389 CONGRESS STREET
PORTLAND ME 04101

K OF COURTS
iberland County
P.O. Box 287
l, Maine 04112-0287

(

CYNTHIA DILL ESQ
1227 SHORE ROAD
CAPE ELIZABETH ME 04107

*Defendant*