STATE OF MAINE    DISTRICT COURT
PENOBSCOT, SS.    CIVIL ACTION
DOCKET NO CV-08-060

FILED & ENTERED
SUPERIOR COURT
MAR 16 2009
PENOBSCOT COUNTY

MAINE MULCH, INC. AND
JANICE ROWBOTHAM,

       Plaintiff,

       v.    DECISION and ORDER

LEE BELL d/b/a BELL
CONSTRUCTION and TRANSPORT,

       Defendant.

Hearing was held on the plaintiff's complaint on February 18, 2009. The plaintiff was present and represented by counsel, Eugene Sullivan, Esq., while the defendant was present and represented by counsel, Charles Cox, Esq.

Preliminarily, the court addresses plaintiff's motion to dismiss made orally at trial. Since 2003, including the period of time that is the subject of this litigation, Maine Mulch has been a suspended corporation and defendant contends that the corporation's suspended status prevents the plaintiffs from recovering the funds claimed. Although the plaintiff argues that defendant's pleadings fail to properly raise this defense, the court disagrees. Defendant denied that Maine Mulch was a Maine corporation in its answer and lists "misnames (sic) of correct parties" as an affirmative defense. The court finds that this is sufficient to raise the issue. The court agrees with defendant that since Maine Mulch was prohibited by 13-C M.R.S.A. 1421(3) from transacting business in 2006, it cannot recover damages associated with its business activities during that period. The remaining question, therefore, is whether plaintiff Janice Bell can recover instead of Maine Mulch.

Before answering this question, the court turns to the complaint to construe the nature of the cause of action. In her post-trial memorandum, plaintiff argues that the

elements of unjust enrichment apply equally to Maine Mulch and Ms. Rowbothem. In making this argument, he fails to address the fact that the elements of unjust enrichment are not contained in the complaint. Instead, the complaint speaks in terms of conversion. From the complaint, one could conclude that plaintiff alleged that after an alleged mistake in billing was discovered, it retained money in which the plaintiff had an interest and in which plaintiff then had a right to possess, and that the plaintiff had made a demand that it be retained, satisfying the elements specified in *Withers v. Hackett*, 1998 ME 164 ¶6-8.

Returning to the question of whether Ms. Rowbotham individually can maintain the action against defendant, the court answers the question affirmatively. She testified that she was the company president and she only occasionally had employees. All correspondence went through her and she conducted all relevant transactions. When a billing controversy arose, all communications from defendant went to her. It was represented by defendant's bookkeeper in pl. ex. #2 that "you" (referring to Janice Rowbotham) had paid $89,765 and indicated elsewhere in the same document that "you" paid and "you" owe. From this the court concludes that defendant acted as if Maine Mulch and Ms. Rowbotham were interchangeable and that in the absence of a corporate plaintiff, the elements of conversion can be made out by Ms. Rowbotham. *Sturdevant v. Town of Winthrop*, 732 A.2d 264 (Me 1999) does not prevent this result because that case dealt with Mr. Surdevant's ability to enforce a contract that had been terminated by the town because the contract was originally between the town and Mr. Sturdevant's corporation, which became suspended. It did not address payment for work completed or recovery of money already paid and did not address unjustment enrichment or conversion.

In her complaint plaintiff alleges she overpaid for trucking services that defendant provided her company. Maine Mulch is a business that purchases bulk mulch from a variety of producers/sources and resells to landscaping and nursery businesses in New England. In order to transport the product to her customers, she hired the defendant. They had no written contract concerning the transactions, instead, the defendant would indicate to plaintiff or his driver what she was willing to pay for transporting a certain load to a certain destination and if the amount was satisfactory, defendant accepted the offer, usually recorded the amount on a bill of lading, and moved the load according to plaintiff's terms. During their business relationship, the plaintiff paid $765 on 3/09/06, $17,000 on 4/10/06, $35,000 on 5/02/06, $20,000 on 5/31/06, and $17,000 on 6/21/06, for a total payment of $89,765.

During the trial, the defendant submitted a compilation of the charges in def. ex. #6, with transactions grouped according to invoice number. According to this exhibit, the defendant maintains that appropriate charges total $88,169.75, indicating an overpayment of $1,595.25. Since the plaintiff does not have a complete list of what she claims are appropriate charges, but contests some of the charges on defendant's list, the court will evaluate the claimed deficiencies on defendant's list.

The plaintiff alleges that some of the charges were improper, beginning with those associated with invoice #1007 for $1,673.25, representing a February 2006 delivery to Walter woods in Southboro Mass. The court finds that plaintiff has proved that this is not a delivery to a customer of her and is not an amount that should have been included in the overall compilation, def. ex. #6.

Next, the plaintiff alleges that, based on handwritten changes to inv. # 1030 and #1032 found in the versions of those invoices contained in the exhibit notebook (def. ex. #1), she was charged twice for the same $630 delivery for mm#4632-06 (her

numbering). Since only one of these charges appears in the compilation being used by the court to evaluate this issue (def. Ex. #6), she is not being double charged for purposes of this decision. Likewise, because of another handwritten entry on the notebook version of invoice #1046, plaintiff claims that she was double billed for the delivery reflected in MM3766, totaling $1,033. The court has examined how the separate #1046 charges were entered into def. ex. #6, and finds that on that document there was no double charge.

Finally, plaintiff disputes several charges from invoice #1051. The court rejects her claims with regard to MM5201-06 and 5507-06 because they appear to be shipments to Worcester, Mass. And Concord, Mass and she has failed to prove that the charges of $830 and $1,107, respectively, are not appropriate, given the fact that the shipment to Worcester emanated from Milford, Maine (see 5/5 bill of lading from Northland) and the shipment to Concord probably emanated from the more distant location of Baileyville (see 5/9 scale ticket). MM5200-06 represents a load picked up in Milford (see other 5/5 bill of lading from Northland) and the bill of lading indicates "load pays $424.50" which the court concludes is correct and will make the $681.50 adjustment accordingly. The evidence surrounding the remaining bills of lading in invoice #1051 is less exact. One bill of lading MM5211-06 relates to a 5/11 shipment from Baileyville to Scarborough, Maine (see 5/11 scale ticket), and has a notation "pays $1107"; and another, MM 5606-6 relates to a 5/10 shipment from Baileyville to Raymond, Maine (see 5/10 yard pass) and has no notation. Under these circumstances, the court cannot conclude that they were not billed correctly since they reflect shipments from Baileyville. It would stand to reason that the charge would be greater than the charge from Milford to the Scarborough area, already determined to be $424.50 since Baileyville is more distant. Although one would suspect that the difference would be

less, plaintiff's evidence on this point is insufficient. Finally, the other 5506-06 and 5166-66 relate to shipments to Scarborough from either Baileyville or Milford. Each has a notation "pays $1,107" and here is no evidence of which of the two locations was the origin of the shipment; thus the court cannot conclude that the $1,107 charge for each was not correct.

The plaintiff asks that the court also impose attorney fees and double damages. The court does not do so because there is no authority for such a request. Defendant did not engage in serious misconduct in this litigation.

Based on the above, the court Orders that judgment be entered against plaintiff Maine Mulch, Inc., but for plaintiff Janice Rowbotham in the amount of $3,950 plus interest and costs against Lee Bell d/b/a/ Bell Construction and Transport.

The clerk is directed to incorporate this Decision and Order into the docket by reference.

Dated: March 6, 2009

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

MAINE MULCH INC VS LEE BELL DBA BELL CONSTRUCTION AND TRANSPORT
                                        CASE #:NEWDC-CV-2008-00060
-----------------------------------------------------------------------

|   | SEQ | TITLE | NAME | DOB | ATTY |
|---|-----|-------|------|-----|------|
| 001 | PL | | MAINE MULCH INC  by  Joseph Baldacci, Esq. | | T |
| 003 | PL | | JANICE ROWBOTHAM | / / | PRO |
| 002 | DEF | | LEE BELL        by Charles Cox, Esq. | | T |