STATE OF MAINE                           SUPERIOR COURT
                                         CIVIL ACTION
CUMBERLAND,ss.                           DOCKET NO: CV-04-767

                                         CUM-RAC-6806

HARRY PEET AND DIANE PEET,        *
                                  *
STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

JUN 08 2006

RECEIVED

          v.                      *                 ORDER
                                  *
                                  *
                                  *
CARL R. PEET,                     *
                                  *
                  Defendant       *


Before the Court is Defendant Carl Peet's motion for summary judgment

on counts I, II, IV-VIII of Plaintiffs Harry and Diane Peet's complaint and motion

for partial summary judgment on count III of Plaintiffs' complaint. Also before

the Court is Plaintiffs' motion to amend the complaint and motion to supplement

their objection to summary judgment.

## BACKGROUND

This action can be summarized as a dispute between two brothers

concerning the disposition of their mother's estate.[1] Laine Peet died on August

31, 2003. At the time of her death she was widowed with two sons, Harry Peet

and Carl Peet.[2] Carl was Laine's personal representative as well as on Laine's

bank account with a right of survivorship payable upon Laine's death. On

December 17, 2001, Laine executed her Last Will and Testament in the office of

---

[1] At oral argument, the parties agreed that the dispute was over a house, a shop, and $130,000 cash that Carl received from two bank accounts.

[2] There is a history of hostility between Harry and Carl.

Attorney Laurence Minott. Carl received everything under the December 2001 Will to the exclusion of Harry and his wife Diane Peet. This was a change from her October 29, 1998 Will. The October 1998 Will was executed while Laine was hospitalized at Maine Medical Center awaiting surgery and included both sons as beneficiaries. Laine had made many changes to her will since 1994.[3]

On April 11, 2003, before her death, Laine signed a note gifting "to Harry – mountain desert oil painting and all contents." Plaintiffs allege that the gift included a bank account with access to $100,000, which Carl has unlawfully taken possession of.

Plaintiffs filed an eight-count complaint alleging undue influence (count I), tortious interference with expectancy (count II), conversion (count III), breach of fiduciary duty (count IV), lack of capacity (count V), mistake (count VI), punitive damages (count VII), and constructive trust (count VIII). Plaintiffs have since voluntarily dismissed counts V and VI.

## DISCUSSION

a.    Timeliness of Plaintiff's Motion Opposing Summary Judgment

---

[3] The series of Wills throughout the years, which were subsequently amended, are as follows:

1. June 9, 1994, Laine Peet and Karl Peet executed identical wills bequeathing the entire estate to Carl Peet and excluding Harry Peet.
2. June 26, 1997, after Karl's death, Laine changed the will to bequeath her homestead to Harry and a life estate in the woodworking shop
3. July 2, 1998, before heart surgery, Laine excuted another will including Harry.
4. October 29, 1998, Laine executed a will including Harry, and reaffirming the June 1997 Will, which stated that she agreed to "not make a new will or change this will as it my intention to leave my estate as herein set forth."
5. December 17, 2001, Laine executed a will bequeathing the entire estate to Carl and excluding Harry.

Although the parties dispute a number of facts in their statements of material facts,[4] the Court must first determine whether Plaintiffs filed a timely opposition to Defendants motion for summary judgment. Plaintiffs argue that M.R. Civ. P. 6(c) applies to add three days to the prescribed period because they received the motion for summary judgment by mail. In response, Defendant argues that Rule 6(c) does not apply because the 21-day period for filing an opposition to a motion is triggered by the filing of the motion, and not the service of the motion. As such, Defendant argues that Plaintiffs have waived all objections to the motion.

Rule 7(c)(2) states that a party opposing any other motion "*shall file* a memorandum . . . in opposition . . . not later than 21 days after the *filing* of the motion . . ." (emphasis added). M.R. Civ. P. 7(c)(2). Otherwise, "the party failing to file a timely memorandum in opposition to a motion shall be deemed to have waived all objections to the motion." M.R. Civ. P. 7(c)(3). Rule 56 filings are subject to Rule 7. M.R. Civ. P.(h).

M.R. Civ. P. 6(c) reads in pertinent part as follows:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the *service* of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

(emphasis added).

Although oppositions to motions must also be served on the other party, Rule 7(c)(2) clearly states that an opposition to a motion must be filed 21-days

---

[4] The parties dispute whether Carl unduly influenced Laine to exclude Plaintiffs from the December 2001 Will; whether Carl hid a bankbook that Laine allegedly gifted to Harry; and whether there were other bank accounts in Laine and Carl's names that Plaintiffs do not know about.

after the filing of the motion with the Court. According to Rule 7(c)(2), the clock begins to run upon filing, as opposed to the service, of an opposition to a motion. *See Fleet Bank of Maine v. Dumont*, CV-92-109 (Me. Super. Ct., Ken. Cty., June 22, 2000) (Atwood, J.).[5] Thus, it is clear here that M.R. Civ. P. 6(c), which addresses the service of papers, cannot be applied to the 21-day time period in Rule 7(c)(2).

That does not end the analysis. Although Plaintiffs' tardy response must be deemed a waiver of any objection, on this motion for summary judgment, the Court must still determine whether Defendant is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c).

b.      Undue Influence

Plaintiffs contend that Defendant unduly influenced Laine in the execution of her December 2001 Will. In evaluating a claim of undue influence, the Court must determine whether a confidential relationship existed between the parties to the subject property transfer. *Estate of Sylvester*, 2001 ME 48, ¶ 6, 767 A.2d 297, 299. The Law Court has explained that the existence of a close familial relationship is probative of this issue, as well as evidence of diminished physical or emotional capacity. *Id.* at 299-300. The Court uses a two-part test to determine whether a confidential relationship exists, thereby giving rise to a presumption of undue influence. *Id.* This test inquires as to (1) the actual placing of trust and confidence in fact by one party in another, and (2) whether

---

[5] Rule 7 cites the filing of a pleading as an operative event. *Fleet Bank*, CV-92-109. Accordingly, "Rule 6(c) does not serve to extend the time to respond to that event because the latter rule only refers to 'the service of a notice or other paper' as opposed to 'the filing of a motion.' As such, it must be concluded that [current M.R. Civ. P. 6(c)], which addresses the service of papers cannot be applied to the 21-day time period in Rule 7(c)(2) which affects the filing, as opposed to the service, of an opposition to a motion." *Id.*

4

there exists a great disparity of position and influence between the parties to the relation. *Id.*

In this instant case, there is no dispute that Laine and Defendant shared a close mother/son family relationship. Defendant was the personal representative and the beneficiary of Laine's December 2001 Will to the exclusion of Plaintiffs. (Def. SMF ¶¶ 30, 31, 32). Laine's appointment of Defendant as personal representative reveals a certain degree of trust and confidence held by Laine in Defendant. This is further supported by the fact that Defendant's name was on Laine's bank account with a right of survivorship payable upon Laine's death. (Def. SMF ¶ 28). Moreover, the fact that Laine had undergone heart surgery and was in a nursing home before her death, (Def. SMF ¶¶ 3, 21), raises the question as to whether she was fully capable of managing her affairs, and thus, whether there existed a great disparity of position between Laine and Defendant when the December 2001 Will was executed.

Therefore, in viewing the evidence in a light more favorable to Plaintiffs, the record contains sufficient undisputed facts that, if believed, support the allegation that the December 2001 Will was the product of undue influence. As a result, Plaintiffs claims of tortious interference with an expectancy, breach of fiduciary duty, punitive damages, and constructive trust all survive this motion for summary judgment as they all stem from the undue influence claim.

c.    Conversion

Defendant seeks partial summary judgment on the conversion claim to the extent that Plaintiffs allege that Defendant converted the proceeds of a bank account. Plaintiffs contend that the note from Laine gifting the painting and "all contents" included a bankbook with access to a $100,000 Oxford bank account.

Plaintiffs allege that Defendant wrongfully took possession of the bankbook, which has never been located. (Def. SMF ¶ 25). Laine remained alive for four months after this gift and did not make any other provisions to get the money to Harry. (Def. SMF ¶ 25). Rather, Carl's name remained on the bank account with a right of survivorship payable upon Laine's death. (Def. SMF ¶ 28).

Because Plaintiffs have waived any objections to Defendant's motion and statement of material facts, the Court is left to decide whether as a matter of law, the note intended to gift the bank account to Harry, thereby confirming his property interest in it.[6]

The note does not mention a specific bank account. It merely gifts the oil painting "and all contents." It would be an extremely liberal reading of the note to interpret "all contents" of a painting to include a bankbook with access to a bank account and $100,000. A reasonable interpretation is that Laine intended to gift the painting along with its frame. In viewing the evidence in a light more favorable to Plaintiffs, the record does not contain sufficient facts that support the allegation that Carl converted the bank account.

d. <u>Motion to Amend</u>

Plaintiffs seek to amend the complaint to include a list of the changes to Laine's will since 1994, and to dismiss the counts for lack of capacity and mistake (V and VI) without prejudice. Defendant opposes the motion only in that he

---

[6] In order to demonstrate the tort of conversion, Plaintiffs make a prima facie showing that (1) the person claiming that his property was converted has a property interest in the property, (2) that he had the right to possession at the time of the alleged conversion, and (3) that he made a demand for its return that was denied by the holder. *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800.

believes that counts V and VI should be dismissed with prejudice. The Court

sees no reason to dismiss these counts with prejudice.

e.     Motion to Supplement Objection to Summary Judgment

Because Plaintiffs have waived any objections to the motion for summary

judgment, the motion to supplement their objection is moot.

The entry is:
Defendant's motion for summary judgment is DENIED on the claims of
undue influence (count I), tortious interference with expectancy (count II),
breach of fiduciary duty (count IV), punitive damages (count VII), and
constructive trust (count VII).

Defendant's motion for summary judgment is GRANTED on the
conversion claim (count III).

Plaintiffs' claims of lack of capacity and mistake (counts V and VI), are
dismissed without prejudice.

Plaintiffs' motion to amend the complaint is GRANTED.

Defendant's motion to supplement his objection to summary judgment is
DENIED.

DATE: _____

Roland A. Cole
Justice, Superior Court

7

F COURTS
and County
Box 287
ine 04112-0287

ZBIGNIEW KURLANSKI ESQ
PO BOX 46
PORTLAND ME 04112



ine 04112-0287

PETER MCGEE ESQ
80 EXCHANGE STREET
PORTLAND ME 04101

nd County
ox 287
ie 04112-0287

MICHAEL HODGINS ESQ
PO BOX 5057
AUGUSTA ME 04332